UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANANTHAKUMAR THILLAINATHAN,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br>Defendant. | No. 3:24-cv-789 (SRU) |

### ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The Petitioner, Ananthakumar Thillainathan, filed a motion seeking to vacate his sentence under 28 U.S.C. § 2255 due to what he argues was the Court's and his counsel's incorrect advice that he had no right to appeal his sentence. *See generally* Doc. No. 1. He states that, on account of that advice, he believed he had no right to appeal but that "[i]f he believed, or knew otherwise, he would have pursued an appeal." *Id* at 13.

Section 2255 provides a prisoner in federal custody an opportunity to challenge the legality of his or her sentence. To obtain relief under section 2255, the petitioner must show that his or her prior sentence was invalid because: (1) it was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) it exceeded the maximum detention authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  The standard is a high one; even constitutional errors will not be redressed through a section 2255 petition unless they have had a "substantial and injurious effect" that results in "actual prejudice" to the petitioner. *Brecht v. Abrahamson*, 507 U.S. 619, 621-23 (1993) (internal citations omitted); *Underwood v. United States*, 166 F.3d 84, 87 (2d Cir. 1999) (applying *Brecht*'s harmless error standard to section 2255 petition). Finally, the petitioner

bears the burden of proving, by a preponderance of the evidence, that he is entitled to relief. *See Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995).

First, Thillainathan argues that the Court deprived him of his right to appeal because, at sentencing, I "convey[ed] to [him] that he did not have a right to appeal." Doc. No. 1, at 13. Thilllainathan signed a plea agreement in the underlying criminal case on November 3, 2022. *See United States v. Thillainathan*, Dkt. No. 3:22-cr-221-SRU-1, Doc. No. 9. A change of plea hearing was held before Magistrate Judge Thomas O. Farrish on November 3, 2022, during which Thillainathan entered a plea of guilty on Counts 1 and 2 of the information. *See United States v. Thillainathan*, Dkt. No. 3:20-cr-221-SRU-1, Doc. No. 8. That plea agreement stated, in relevant part:

> The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed 57 months of imprisonment, a 3-year term of supervised release, a $200 special assessment, a $200,000 fine, and $1,674,880 in restitution . . . This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

*United States v. Thillainathan*, Dkt. No. 3:20-cr-221-SRU-1, Doc. No. 9 at 7-8. After Thillainathan's entry of his plea, on April 27, 2023, I sentenced Thillainathan to a term of imprisonment of 48 months of imprisonment on each count, to be served concurrently, a term of supervised release of 3 years, a special assessment of $200, and restitution of $1,674,880. *United States v. Thillainathan*, Dkt. No. 3:20-cr-221-SRU-1, Doc. No. 42.

The sentence triggered the conditional waiver of his right to appeal his sentence. The Second Circuit has held that plea agreement waivers "of a defendant's right to appeal a sentence within an agreed Guidelines range are enforceable." *United States v. Salcido-Contreras*, 990 F.2d 51, 51 (2d Cir. 1993) (per curiam). A waiver of appeal rights in a plea agreement may be

2

unenforceable where the petitioner claims ineffective assistance of counsel in connection with the plea agreement itself. *See United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir. 2001). Thillainathan does not argue ineffective assistance of counsel in connection with the plea agreement, however, nor does he argue that his wavier of his right to appeal was not knowing and voluntary. Thillainathan's waiver is therefore presumed enforceable.

Rule 32(j)(1) states that "[a]fter sentencing—regardless of a defendant's plea—the court must advise the defendant of *any* right to appeal the sentence." Fed. R. Crim. P. 32(j)(1)(B) (emphasis added). As another district court within this Circuit explained, "[i]n other words, Rule 32(j)(1)(B) by its terms requires only that a defendant be advised of the right, if 'any,' he or she has to appeal." *Pierre-Louis v. United States*, 2022 WL 1186020, at *4 (S.D.N.Y. Apr. 21, 2022). *See also United States v. Tang*, 214 F.3d 365, 369 (2d Cir. 2000) ("Congress seems to have understood that advice as to a right to appeal a sentence need be given only when such a right exists."). In fact, the Second Circuit advises that "[w]here a waiver of appeal is of the type we have ruled generally enforceable, and has been fully explained to a defendant as required by Rule 11(c)(6), district judges sentencing after a plea of guilty should not give unqualified advice concerning a right to appeal. In such cases, they might consider mentioning that appellate rights were waived in the plea agreement." *Tang*, 214 F.3d at 370 (internal citations omitted).

Here, in light of Thillainathan's valid waiver of his right to appeal his sentence, my statement at the sentencing hearing of Thillainanathan's appellate rights conformed with the requirement of Rule 32(j)(1)(B) to advise a post-plea defendant of their right "if any" to appeal their sentence. I explained the 14-day deadline to file a notice of appeal, reminded Thillainathan that he had waived his right to appeal through his plea agreement, instructed him to confer with his lawyers if he wished to appeal, and stated that "if [he] believe[d] there is some fundamental

3

defect in these proceedings that has not been waived by [his] written plea agreement," he may be entitled to appeal *in forma pauperis* and have an attorney appointed to represent him on appeal. *See United States v. Thillainathan*, Dkt. No. 3:22-cr-221-SRU-1, Doc. No. 57, at 74:7-75:7. Moreover, even if I failed to give Thillainathan accurate advice about his right to appeal, that failure would not automatically entitle Thillainathan to relief. "[A] court's failure to give a defendant advice required by the Federal Rules is a sufficient basis for collateral relief only when the defendant is prejudiced by the court's error." *Peguero v. United States*, 526 U.S. 23, 27 (1999). In this case, Thillainathan did waive his right to appeal his sentence, and therefore any error at sentencing could not have prejudiced him.

Finally, Thillainathan's claim that his counsel was ineffective in advising him that he had no right to appeal is also meritless. To establish that he has been denied effective assistance of counsel, a petitioner must show both that (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and that (2) counsel's deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Thillainathan's claim falls short of the *Strickland* test because he fails to demonstrate that his counsel, by advising him that no appeal could be taken, "deprive[d] [him] of an appeal that he otherwise would have taken." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). Thillainathan's petition does not allege that he instructed his counsel to file a notice of appeal. Moreover, despite stating that he "would have pursued an appeal" had he been advised that he had a right to appeal, *see* doc. no. 1, at 13, Thillainathan's petition fails to explain the grounds on which he would have appealed. The standard for effective assistance of counsel takes into consideration "all of the circumstances, including whether there were nonfrivolous issues to appeal." *Sarroca v. United States*, 250 F.3d 785, 787 (2d Cir. 2001). Because an appeal would

4

have been dismissed as barred by the enforceable waiver of appeal rights included in the plea agreement, Thillainathan cannot show that his attorney's actions prejudiced him.

Accordingly, Thillainathan's motion to vacate his sentence, doc. no. 1, is **denied**.

Because Thillainathan has not made a substantial showing that this ruling denies his constitutional rights, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

The clerk is directed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of November 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge